DENTONS US LLP
John R. Vales (JV4307)
john.vales@dentons.com
Kelly L. Lankford (KL9203)
kelly.lankford@dentons.com
101 JFK Parkway
Short Hills, New Jersey 07078
(973) 912-7129

CARLTON FIELDS JORDEN BURT, P.A.
Frank G. Burt (application for *pro hac vice* to be filed)
fburt@carltonfields.com
Brian P. Perryman (application for *pro hac vice* to be filed)
bperryman@carltonfields.com
1025 Thomas Jefferson Street, NW
Suite 400 West
Washington, DC 20007
(202) 965-8100

*Attorneys for Defendant*
*Federal Warranty Service Corporation*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROSE M. WOTURSKI, individually and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL WARRANTY SERVICE CORPORATION, <br><br> Defendant. | Case No. _____ <br><br> **NOTICE OF REMOVAL** <br><br> Document Electronically Filed <br><br> Removed from the <br> Superior Court of New Jersey, <br> Law Division, Cape May County |

TO: Mitchell H. Cohen Building & United States Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

WITH NOTICE TO:

Clerk of the Court
Superior Court of New Jersey
Law Division, Cape May County
9 North Main Street
Cape May Courthouse, New Jersey 08210

Lewis G. Adler, Esq.
26 Newton Avenue
Woodbury, New Jersey 08096

Paul DePetris, Esq.
532 Route 70 West
2d Floor
Cherry Hill, New Jersey 08002

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, defendant Federal Warranty Service Corporation hereby removes the above-captioned civil action from the Superior Court of New Jersey, Law Division, Cape May County ("the Superior Court"), in which the action was pending, to the United States District Court for the District of New Jersey, the judicial district embracing the place where such action was pending. In support of the removal, Federal Warranty states as follows:

## GROUNDS FOR REMOVAL

1. Without conceding that there is any merit to the First Amended Complaint's claims or allegations, or that Federal Warranty is liable to plaintiff

1

Rose M. Woturski or any other person, the Court has original jurisdiction of this action because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a putative class action in which all members of the putative class of plaintiffs, including Ms. Woturski, are citizens of a state different from Federal Warranty, the sole named defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

## I. Timeliness Of Removal.

2. Ms. Woturski commenced the action by filing her original Complaint on May 12, 2017 in the Superior Court. The action is styled *Rose M. Woturski v. Federal Warranty Service Corporation*, and was assigned Docket No. CPM-L-199-17.

3. On June 9, 2017, Federal Warranty, the sole named defendant, was served with the Summons and original Complaint.

4. On June 14, 2017, Federal Warranty removed the action to this Court. On March 19, 2018, the Court remanded the action to the Superior Court, finding that, in her original Complaint, "Plaintiff has not pleaded a concrete injury, and consequently has not pleaded an injury-in-fact" because she pled only a statutory violation, so "Plaintiff lacks standing" under Art. III § 2 of the United States Constitution. *See Woturski v. Fed. Warranty Serv. Corp.*, Civ. A. No. 17-4309, 2018 WL 1399303, at *2 (D.N.J. Mar. 19, 2018).

108474225\V-1

5. On May 10, 2018, the Superior Court entered an order allowing Ms. Woturski to file an amended complaint on or before May 25, 2018.

6. On June 7, 2018, Ms. Woturski sent a draft of her First Amended Complaint to Federal Warranty. Unlike her original Complaint, the draft First Amended Complaint alleges that Federal Warranty defrauded her by allegedly misstating Ms. Woturski's rights under New Jersey law and by providing her with a contract containing "an illegal arbitration clause." FAC ¶¶ 193-225, 262-68. Ms. Woturski claims – though Federal Warranty contests – that she suffered concrete, particularized harm as a result of these new allegations.

7. On June 8, 2018, the parties stipulated to the belated filing of the proposed First Amended Complaint with the Court. Federal Warranty reserved all rights to answer, move, or otherwise respond to the First Amended Complaint. Ms. Woturski filed the First Amended Complaint with the Superior Court on June 15, 2018.

8. If the case started by an initial pleading is not removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Because of its new allegations, the First Amended Complaint is the first "amended pleading" or "other paper" from which

it may first be ascertained that the case has become removable. *See Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 509 (3d Cir. 2014) (even if a defendant "is unsuccessful in establishing CAFA jurisdiction during the early stages" of the litigation, the defendant "may still re-remove the case to federal court if new facts are discovered that establish jurisdiction"); *Portillo v. Nat'l Freight, Inc.*, 169 F. Supp. 3d 585, 593 (D.N.J. 2016) (if the initial pleading does not demonstrate a basis for removal, "the triggering event focuses solely upon the defendant's receipt of a litigation document"; "the scope of the defendant's knowledge, at the initial pleading or otherwise, plays no role in triggering the 30-day removal clock").

9. Thirty days have not yet elapsed either from Federal Warranty's receipt of the then-draft First Amended Complaint or from service of the as-filed version of the First Amended Complaint. Removal is therefore timely pursuant to 28 U.S.C. § 1446(b)(3).

10. A copy of all process, pleadings, and orders served on Federal Warranty in this action (during its pendency in both federal and state courts) is attached hereto as Exhibits A through K. *See* 28 U.S.C. § 1446(a).

## II. Diversity of Citizenship.

11. Complete diversity of citizenship exists among the parties.

108474225\V-1

12. Ms. Woturski alleges in her First Amended Complaint that she is a resident of the state of New Jersey. FAC ¶ 6. Ms. Woturski is a citizen of New Jersey. *See* 28 U.S.C. § 1391(c)(1).

13. Ms. Woturski seeks to represent a putative class of New Jersey citizens. FAC ¶ 167. The putative class is greater than 100 persons for purposes of 28 U.S.C. § 1332(d)(5)(B).

14. Federal Warranty is a corporation incorporated in the state of Illinois with its principal place of business in the state of Georgia. *See* FAC ¶ 7. Federal Warranty does not reside in New Jersey. Federal Warranty is a citizen of Illinois and Georgia. *See* 28 U.S.C. § 1391(d); *Woturski*, 2018 WL 1399303, at *1 n.2.

### III. Matter In Controversy.

15. As noted above, the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

16. The First Amended Complaint alleges that a service contract Federal Warranty issued to Ms. Woturski violated the New Jersey Truth in Consumer Contract, Warranty, and Notice Act ("TCCWNA"), N.J.S.A. §§ 56:12-14 to -18. FAC ¶¶ 251, 258, 264, 268 ("via this action, plaintiffs and the class seek all relief available under TCCWNA, including statutory damages, cancellation of contracts and refunds"). "Any person who violates the provisions of this act shall be liable to the aggrieved consumer for a civil penalty of not less than $100.00 or for actual

damages, or both at the election of the consumer, together with reasonable attorney's fees and court costs. This may be recoverable by the consumer in a civil action in a court of competent jurisdiction or as part of a counterclaim by the consumer against the seller, lessor, creditor, lender or bailee or assignee of any of the aforesaid, who aggrieved him." N.J.S.A. § 56:12-17.

17. Ms. Woturski seeks a $100 civil penalty for herself and for a putative class of New Jersey citizens who "received service contracts issued by defendants [sic] with the same language as the service contract that defendants [sic] issued to plaintiffs for a period of six [6] years prior to the filing of the complaint." FAC ¶ 167. The First Amended Complaint alleges that Ms. Woturski's claims "are typical of the claims of the class." FAC ¶ 177.[*]

---

[*] The First Amended Complaint's full class definition includes "all New Jersey citizens who purchased vehicles and received service contracts issued by defendants [sic] with the same language that defendants [sic] issued to plaintiffs for a period of six (6) years prior to the filing of the complaint." FAC ¶ 167. The reference to persons "who purchased vehicles" appears to be a drafter's error because the First Amended Complaint alleges that Ms. Woturski purchased home appliances, not a vehicle, covered by a Federal Warranty service contract. Consequently, this is either a drafter's error or Ms. Woturski is purporting to represent a putative class of which she is herself not a member. Because the First Amended Complaint further alleges that Ms. Woturski's claims are "typical" of those of the putative class members, *id.* ¶ 177, the former understanding is more probable than the latter.

18. According to its business records, Federal Warranty issued to New Jersey citizens at least 60,000 service contracts that fit the parameters of the First Amended Complaint's class definition.

19. Without conceding that there is any merit to the First Amended Complaint's claims or allegations, or that Federal Warranty is liable to Ms. Woturski or any other person, the amount of civil penalties minimally in controversy may be calculated as follows: 60,000 (service contracts) x $100 (penalty per violation) = $6,000,000.

20. In addition to TCCWNA civil penalties, the First Amended Complaint seeks attorneys' fees. FAC ¶¶ 251, 260, prayer. The TCCWNA permits the recovery of attorneys' fees. *See* N.J.S.A. § 56:12-17. Such fees also should be included in determining the matter in controversy. *See Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007).

21. At this stage of the litigation, it is impossible to determine with precision the amount of attorneys' fees that Ms. Woturski or her attorneys could recover. "To resolve this difficulty, courts within this district have adopted a 'reasonableness approach,' which utilizes the median attorneys' fee award of 30% when determining the amount in controversy." *Kendall v. CubeSmart L.P.*, Civ. A. No. 15-6098, 2015 WL 7306679, at *5 (D.N.J. Nov. 19, 2015). Therefore, for purposes of the analysis, the Court should apply a potential attorneys' fee award of

30% of the potential judgment of $6,000,000, *i.e.*, an attorneys' fee award of $2,000,000, raising the total matter in controversy to $8,000,000, exclusive of interest and costs.

22. Ms. Woturski also seek a class-wide rescission of each service contract and accompanying refund of each service contract's purchase price. *See* FAC ¶¶ 220, 244, 251. In this regard, the total matter in controversy in connection with the requested rescission independently exceeds the sum or value of $5,000,000, exclusive of interest, costs, TCCWNA civil penalties, or attorneys' fees.

23. Admissible evidence of the foregoing computations is unnecessary at this time. As specified in 28 U.S.C. § 1446(a), "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). Neither Ms. Woturski nor the Court has questioned Federal Warranty's contention regarding the matter in controversy.

24. The First Amended Complaint contains a factually unsupported allegation that "the sums sought by the class members and the matter in controversy does not exceed the sum or value of $5,000,000, exclusive of interest

8

and costs." FAC ¶ 192. This allegation has no bearing on the propriety of removal under 28 U.S.C. § 1332(d). As the Supreme Court has held, "a class-action plaintiff who stipulates, prior to certification of the class, that he, and the class he seeks to represent, will not seek damages that exceed $5 million in total" does not remove the case from § 1332(d)'s scope. *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 590 (2013). A plaintiff "who files a proposed class action cannot legally bind members of the proposed class before the class is certified." *Id.* at 593. Moreover, "a pre-removal stipulation by a named plaintiff of the amount in controversy does not automatically 'contest' the defendant's amount in controversy allegation." *Grace v. T.G.I. Fridays, Inc.*, Civ. A. No. 14-7233, 2015 WL 4523639, at *6 (D.N.J. July 27, 2015).

### IV. Venue And Assignment.

25. The Superior Court is located within this judicial district. 28 U.S.C. § 110. Venue is therefore proper under 28 U.S.C. § 1441(a).

26. Prior to its remand to the Superior Court, the action was assigned to the Honorable Noel L. Hillman (Case No. 1:17-CV-04309). Accordingly, the action is assignable again to Judge Hillman pursuant to Local Civil Rule 40.1(c).

## CONCLUSION

27.   Federal Warranty reserves the right to file additional support for this Notice of Removal by way of declarations, deposition testimony, expert testimony, discovery responses, supplemental memoranda, and/or legal argument.

28.   Federal Warranty reserves all defenses it may have, including that the First Amended Complaint fails to state a claim upon which relief can be granted and that Ms. Woturski's claims are subject to a mandatory arbitration provision.

29.   Contemporaneously with the filing of this Notice of Removal, written notice has been served upon Ms. Woturski through her counsel of record and a copy of this Notice of Removal has been filed with the Clerk of the Superior Court. *See* 28 U.S.C. § 1446(d).

WHEREFORE, Federal Warranty hereby gives notice of the removal to this Court of the action pending in the Superior Court under the caption *Rose M. Woturski v. Federal Warranty Service Corporation*, Docket No. CPM-L-199-17.

Dated: July 5, 2018          Respectfully submitted,

DENTONS US LLP

By: */s/ John R. Vales*
John R. Vales (JV4307)
john.vales@dentons.com
Kelly L. Lankford (KL9203)
kelly.lankford@dentons.com
101 JFK Parkway
Short Hills, New Jersey 07078
(973) 912-7129

        CARLTON FIELDS JORDEN BURT, P.A.
        Frank G. Burt*
        fburt@carltonfields.com
        Brian P. Perryman*
        bperryman@carltonfields.com
        1025 Thomas Jefferson Street, NW
        Suite 400 West
        Washington, DC 20007
        (202) 965-8100

        *Attorneys for Defendant*
        *Federal Warranty Service Corporation*

        *Application for *pro hac vice* admission to be filed

108474225\V-1

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

John R. Vales, of full age, hereby certifies in accordance with Local Civil Rule 11.2 that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

I certify under penalty of perjury that the foregoing is true and correct. Executed on July 5, 2018.

DENTONS US LLP

By: */s/ John R. Vales*
John R. Vales (JV4307)
john.vales@dentons.com
101 JFK Parkway
Short Hills, New Jersey 07078
(973) 912-7129